FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES HAL C.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,[2]<br><br>    Defendant. | No. 1:21-CV-03141-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 9, 11. The motions were heard without oral argument. Plaintiff is represented by D. James Tree; Defendant is represented by John Drenning and Brian Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 9, and denies Defendant's Motion for Summary Judgment, ECF No. 11.

## I. Jurisdiction

On May 20, 2019, Plaintiff filed an application for supplemental security income. He alleged disability beginning February 1, 2015.

Plaintiff's application was denied initially and on reconsideration. March 20, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 16, 2021, Plaintiff appeared and testified by telephone before ALJ Erin Justice, who presided from Denver, Colorado. He was represented by his attorney, D. James Tree. Also appearing and testifying was William Tysdal, vocational expert. The ALJ issued a decision on February 26, 2021, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on August 26, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on January 13, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~2

under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III.  Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[3] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including

---

[3] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~5**

(i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

> (1) *Supportability.*
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.*
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

herein.

At the time of the hearing, Plaintiff was 39 years old. He engaged in special education classes and earned a high school education. As a child, he was physically and sexually abused and has attempted suicide several times, beginning when he was 16.

Plaintiff is morbidly obese. He weights over 400 lbs. He has back pain due to bulging discs, but he cannot have surgery until he loses 200 lbs., which he has been unable to do. Additionally, he has a hernia but cannot have surgery to repair it at his current weight. He has swelling in his legs and cellulitis. He has obstructive sleep apnea (OSA) along with hypoxemia and $O_2$ levels into the 70s. Defendant suffers from depression and PTSD.

Plaintiff has committed several felonies and has spent significant time in both state and federal custody.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 16-26. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 20, 2019, the application date. AR 18.

At step two, the ALJ identified the following severe impairments: degenerative disc disease, obesity, PTSD (posttraumatic stress disorder), depression and substance abuse AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> to perform light work as defined in 20 CFR 416.967(b) except occasionally lift 20 pounds, frequently lift 10 pounds; stand/walk for a total of about 6 hours and sit for about 6 hours in an 8 hour day; can never climb ladders, ropes and scaffolds; can occasionally climb

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

ramps and stairs; can frequently balance; can occasionally stoop, kneel, crouch and crawl; must avoid concentrated exposure to vibrations, unprotected heights and heavy machinery; can have occasional interaction with coworkers and the general public; needs a 5 minute break every 2 hours and can tolerate occasional changes in a routine work setting.

AR 20.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 25.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including merchandise marker, routing clerk, and small products assembler. AR 26.

## VI. Issues for Review

1. Whether the ALJ properly determined Plaintiff's medically-determinable impairment.

2. Whether the Appeals Council properly assessed new evidence.

3. Whether the ALJ properly assessed Plaintiff's testimony.

4. Whether the ALJ properly assessed the medical opinions.

## VII. Discussion

Plaintiff argues the ALJ erred finding the following impairments non-severe: edema, OSA and hypoxemia. The Court agrees. There is evidence in the record to support a finding that these medically determinable impairments are severe. Nor was this error harmless because these impairments were not taken into account by the ALJ when determining the RFC. *But see Buck v. Berryhill*, 869 F.3d 1040 (9th Cir. 2017) (finding step two error harmless because all the impairments (severe and non-severe) were taking into account when the ALJ determined the RFC). Here, the ALJ failed to take into account Plaintiff's severe impairments of edema, OSA and hypoxemia when determining the RFC. As such, remand is necessary to allow the ALJ to consider these particular impairments (edema, OSA and hypoxemia) in determining Plaintiff's RFC. This determination should include consideration of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

1 | whether Plaintiff can stand at least 6 hours a day or whether he will need to elevate
2 | his legs throughout the day.
3 |       Additionally, the failure to find these impairments severe also impacted the
4 | ALJ's review of the Listings and particularly Listing 3.02(C)(3). Similarly, the
5 | AC's failure to consider the new evidence, which concerned the edema and
6 | dermatitis, impacted its review of the ALJ's decision and whether Listing 8.05 was
7 | met. Remand is necessary for a determination of whether Plaintiff has met the
8 | Listings identified above.
9 |       Having found that remand is warranted, the Court declines to address
10 | Plaintiff's remaining arguments concerning whether the ALJ properly evaluated
11 | his testimony and properly evaluated the medical opinions. These arguments can
12 | be addressed on remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012)
13 | ("Because we remand the case to the ALJ for the reasons stated, we decline to
14 | reach [plaintiff's] alternative found for remand."); *Marcia v. Sullivan*, 900 F.2d
15 | 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step
16 | three, we do not reach the other arguments raised.").
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~9

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 9, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** for proceedings consistent with this Order.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 11th day of August 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~10